Argued December 21, 1976, affirmed January 17, reconsideration denied
February 9, petition for review denied February 23, 1977

In the Matter of S., a Minor Child.
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY, *Respondent,*
*v.*
CANNON, *Appellant.*
(No. 21,070, CA 6659)
558 P2d 1292

Lawrence I. Evans, Portland, argued the cause for appellant. With him on the brief was Kissling & Keys, P.C., Portland.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

PER CURIAM.

**PER CURIAM.**

In this termination-of-parental-rights proceeding, we adopt the opinion of the trial judge which reads in pertinent part:

"2. The child * * * is 13 years of age.

"3. * * * The Court finds that the mother and the boy are psychic strangers; that there has been no contact or active, significant contact in 12 years; that she has been in Dammasch six times and that was more than six years ago; that her current husband has been in Dammasch more than eight times and she has lived with her husband three years at most out of the last six and a half years; and that she has spent nine years on tranquilizers; that she was advised twice in recent years, and it has been ten years since the first effort on the part of the Public Welfare Commission and the Juvenile Court Counselor, who is the specialist in this case, to terminate her parental rights; that she has been aware of that effort for ten years; that she has been married six times and that she is presently engaged in a divorce proceeding; that in December she tentatively agreed to terminate.

"The Court feels under these circumstances that to direct Miss Piatt to cooperate with her in the development of a plan is to insist that a caseworker abdicate her judgment and undertake motions which necessarily would have to be insincere and that may give the mother false hope and a false sense of effort which would in itself be a professional betrayal and an error of judgment and a cruel deception of the mother; perpetuate the parental relationship, which is an injustice to the mother and an insupportable psychic burden for the child and a genuine financial and anti-social burden upon society."

Affirmed.